OPINION OF THE COURT
Timothy J. Sullivan, J.
This is a proceeding under Real Property Tax Law article 7 *623 wherein the petitioning property owner seeks an agricultural value assessment for part of his real property located in the Town of Lewisboro for the 1984, assessment year. Petitioner owns a total of 51.832 acres of land and seeks an exemption for the 19.221 acres under Agriculture and Markets Law §§ 301, 305 and 306.
At the beginning of the trial, counsel entered into certain stipulations greatly simplifying the issues before the court. Briefly, counsel stipulated to all of the jurisdictional allegations of the petition; they agreed as to the over-all acreage of petitioner’s lands; that part of the property was improved with a residence, swimming pool and tennis courts; that petitioner entered an agreement with Salem Sunshine Farm, Inc., on May 11, 1982; that a survey (in evidence) indicated that 19.221 acres of petitioner’s land are devoted to hay fields; that hay was cut from the hay fields in 1982, 1983 and 1984 by Salem Sunshine Farm and that the value of the hay from petitioner’s land was less than $10,000 but that the value of hay cut by the tenant farmer from petitioner’s land combined with lands of others exceeded $10,000 each year.
Section 306 (1) of the statute provides that the agricultural commitment made by an owner of land must be for a period of eight years. Section 306 (2) provides that if any part of the land is converted from such agricultural production during the statutory period, such conversion would be a breach of the commitment disqualifying all of the land subject to the commitment from being entitled to an agricultural value assessment and imposing other penalties. Section 301 (3) (b) specifically provides for an exemption where property is being used for an agricultural use under a rental arrangement for a period of five years or more in conjunction with land which qualifies for the agricultural value assessment.
On the facts in this case, the court finds that the petitioner has established entitlement to the agricultural value assessment for the 19.221 acres of his property devoted to hay fields. The respondent moved to dismiss the petition during the trial on the grounds that the petitioner’s commitment (exhibit 3) pursuant to this statute made on the form prescribed by the State Board of Equalization and Assessment purportedly committed petitioner’s entire 51.832 acres to agricultural uses, and that the petition claimed only 31.384 acres were used for agricultural purposes, but that the survey indicated only 19.221 acres. The court denied the motion but respondent still argues that under section 306 (2) of the *624 statute, "such conversion shall constitute a breach of commitment and shall disqualify all of the land subject to such commitment from being entitled to an agricultural assessment”. The court does not find a merit to this argument since the agricultural value assessment was never granted by the assessor. The statute, in this court’s opinion, clearly indicates that where the agricultural value assessment has been granted by the assessor and a conversion of the property from agricultural to other uses follows, then the penalties set forth in the statute would apply. Such is not the case herein since the assessor never granted the agricultural assessment. Respondent also argues that the assessor must either grant or deny an exemption to all of the land described in the commitment. The court does not buy this argument because the assessor is a constitutional officer who must use his judgment in assessing all real property within his jurisdiction according to its use and status as of the taxable status date each year. The assessor is not a mere clerk without judgment or discretion, unable to determine what part of a particular property should be granted the agricultural value assessment. The court finds respondent’s arguments in this regard to be without merit. The last two arguments of the respondent allege that the lease between petitioner and the Salem Sunshine Farm is a sham and that the petitioner’s hay fields are not used "in conjunction with” other farm lands since petitioner’s property is not contiguous to the other lands farmed by Salem Sunshine Farms, Inc. The court finds both of these arguments to be without merit. The lease is by its very terms for a period of five years. The fact that it is terminable on the last day of any month may give rise to a cause of action by the lessee or lessor, should that happen, but that issue is not before this court. The lease specifically provides for a five-year agreement between the principals. That the lands of the petitioner are not adjacent to the other lands farmed does not mean that they are not used in conjunction with other lands qualifying for the agricultural exemption within the meaning of the statute. The statute does not require contiguity. This court agrees with 4 Opns Counsel SBEA No. 15 (p 26) that "[tjhere is no requirement in the Agricultural Districts Law that the eligible acreage be either contiguous or be entirely within the jurisdictional boundaries of the taxing municipality.” Accordingly, the parties having agreed to the amount of acreage devoted to hay fields, the court finds that petitioner has, on *625 this record, established entitlement to the agricultural value assessment for 19.221 acres and the petition is therefore granted to that extent.